FILED IN OPEN COURT
JACKSONVILLE, FLORIDA

6.18.2025

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 3:25-cr-128-MMH-PDB
18 U.S.C. § 1344
18 U.S.C. § 1028A(a)(1)

ABIGAIL PAYTON

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Bank Fraud)

#### A. Introduction

At all times material to this Indictment:

1. Community First Credit Union (Community First) was a financial institution doing business in the Middle District of Florida, and elsewhere, and its accounts were federally insured by the National Credit Union Administration.

#### B. Scheme and Artifice

2. From in or about September 2023, and continuing through in or about May 2024, in the Middle District of Florida, and elsewhere, the defendant,

ABIGAIL PAYTON,

did knowingly and intentionally execute and attempt to execute a scheme and artifice to defraud Community First and to obtain monies, funds, and credits under the

custody and control of Community First by means of materially false and fraudulent pretenses and representations.

### C. Manner and Means

3. The manner and means by which the defendant carried out the scheme and artifice to defraud included, but were not limited to the following:

    a. It was part of the scheme and artifice to defraud in the Middle District of Florida, and elsewhere, that the defendant obtained the means of identification of another person, that is, the Social Security number, date of birth, and driver's license number of E.A.

    b. It was further part of the scheme and artifice to defraud that the defendant obtained a counterfeit Texas driver's license purporting to be in the name of E.A., but which contained the defendant's photograph.

    c. It was further part of the scheme and artifice to defraud that on or about September 6, 2023, the defendant went to a Community First branch located in Jacksonville, Florida.

    d. It was further part of the scheme or artifice to defraud that on or about September 6, 2023, the defendant began the application process to open a bank account under the identity of E.A.

    e. It was further part of the scheme or artifice to defraud that on or about September 6, 2023, as part of the process to open a bank account, the defendant provided Community First a Texas driver's license purporting to be in the name of E.A., but which contained the defendant's photo.

f. It was further part of the scheme or artifice to defraud that on or about September 6, 2023, the defendant, in the identity of E.A., certified to Community First that the information she provided during the application process was correct.

g. It was further part of the scheme and artifice to defraud that on or about September 6, 2023, the defendant obtained a personal savings account and checking account in the identity of E.A. At the time of the opening of the bank accounts, the defendant knew the application contained materially false and fraudulent representations.

h. It was further part of the scheme or artifice to defraud that on or about October 5, 2023, the defendant went to the Community First website.

i. It was further part of the scheme or artifice to defraud that on or about October 5, 2023, using the identity of E.A., the defendant began the process of completing an online application to obtain a loan from Community First in the amount of $35,000 in the identity of E.A.

j. It was further part of the scheme or artifice to defraud that on or about October 5, 2023, as part of the process to obtain a Community First loan under the identity of E.A., the defendant provided or caused to be provided the Social Security number and date of birth of E.A.

k. It was further part of the scheme or artifice to defraud that on or about October 6, 2023, Community First approved and funded the loan, depositing $35,000 into an account controlled by the defendant.

3

1. It was further part of the scheme or artifice to defraud that the defendant would and did misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, acts performed in furtherance of the scheme.

In violation of 18 U.S.C. § 1344.

## COUNT TWO
### (Bank Fraud)

### A. Introduction

At all times material to this Indictment:

1. Community First Credit Union (Community First) was a financial institution doing business in the Middle District of Florida, and elsewhere, and its accounts were federally insured by the National Credit Union Administration.

### B. Scheme and Artifice

2. From in or about September 2023, and continuing through in or about May 2024, in the Middle District of Florida, and elsewhere, the defendant,

ABIGAIL PAYTON,

did knowingly and intentionally execute and attempt to execute a scheme and artifice to defraud Community First and to obtain monies, funds, and credits under the custody and control of Community First by means of materially false and fraudulent pretenses and representations.

### C. Manner and Means

3. The manner and means by which the defendant carried out the scheme and artifice to defraud included, but were not limited to the following:

4

a. It was part of the scheme and artifice to defraud in the Middle District of Florida, and elsewhere, that the defendant obtained the means of identification of another person, that is, the Social Security number, date of birth, and driver's license number of K.V.

b. It was further part of the scheme and artifice to defraud that the defendant obtained a counterfeit Georgia driver's license purporting to be in the name of K.V., but which contained the defendant's photograph.

c. It was further part of the scheme and artifice to defraud that on or about September 9, 2023, the defendant went to a Community First branch located in Jacksonville, Florida.

d. It was further part of the scheme or artifice to defraud that on or about September 9, 2023, the defendant began the application process to open a bank account under the identity of K.V.

e. It was further part of the scheme or artifice to defraud that on or about September 9, 2023, as part of the process to open a bank account, the defendant provided Community First a Georgia driver's license purporting to be in the name of K.V., but which contained the defendant's photo.

f. It was further part of the scheme or artifice to defraud that on or about September 9, 2023, the defendant, in the identity of K.V., certified to Community First that the information she provided during the application process was correct.

g. It was further part of the scheme and artifice to defraud that on or

about September 9, 2023, the defendant obtained a personal savings account and checking account in the identity of K.V. At the time of the opening of the bank accounts, the defendant knew the application contained materially false and fraudulent representations.

      h.    It was further part of the scheme or artifice to defraud that on or about September 11, 2023, the defendant went to the Community First website.

      i.    It was further part of the scheme or artifice to defraud that on or about September 11, 2023, using the identity of K.V., the defendant began the process of completing an online application to obtain a loan from Community First in the amount of $25,000.

      j.    It was further part of the scheme or artifice to defraud that on or about September 11, 2023, as part of the process to obtain a Community First loan under the identity of K.V., the defendant provided or caused to be provided the Social Security number and date of birth of K.V.

      k.    It was further part of the scheme or artifice to defraud that on or about September 14, 2023, Community First approved and funded the loan, depositing $25,000 into an account controlled by the defendant.

      l.    It was further part of the scheme or artifice to defraud that the defendant would and did misrepresent hide, and conceal, and cause to be misrepresented, hidden, and concealed, acts performed in furtherance of the scheme.

      In violation of 18 U.S.C. § 1344.

## COUNT THREE
## (Attempted Bank Fraud)

### A. Introduction

At all times material to this Indictment:

1. Space Coast Credit Union (Space Coast) was a financial institution doing business in the Middle District of Florida, and elsewhere, and its accounts were federally insured by the National Credit Union Administration. As it relates to the events herein, Space Coast reviewed and approved applications to open accounts at a branch located in the Middle District of Florida.

### B. Scheme and Artifice

2. From in or about November 2023, and continuing through in or about May 2024, in the Middle District of Florida, and elsewhere, the defendant,

ABIGAIL PAYTON,

did knowingly and intentionally execute and attempt to execute a scheme and artifice to defraud Space Coast and to obtain monies, funds, and credits under the custody and control of Space Coast by means of materially false and fraudulent pretenses and representations.

### C. Manner and Means

3. The manner and means by which the defendant carried out the scheme and artifice to defraud included, but were not limited to the following:

    a. It was part of the scheme and artifice to defraud in the Middle District of Florida, and elsewhere, that the defendant obtained the means of

7

identification of another person, that is, the Social Security number, date of birth, and driver's license number of S.S.

b. It was further part of the scheme and artifice to defraud that the defendant obtained a counterfeit Georgia driver's license purporting to be in the name of S.S., but which contained the defendant's photograph.

c. It was further part of the scheme and artifice to defraud that on or about November 3, 2023, the defendant went to a Space Coast branch located in Fort Lauderdale, Florida.

d. It was further part of the scheme or artifice to defraud that on or about November 3, 2023, the defendant began the application process to open a bank account under the identity of S.S.

e. It was further part of the scheme or artifice to defraud that on or about November 3, 2023, as part of the process to open a bank account, the defendant provided Space Coast a Georgia driver's license purporting to be in in the name of S.S., but which contained the defendant's photo.

f. It was further part of the scheme or artifice to defraud that on or about November 3, 2023, the defendant, in the identity of S.S., certified to Space Coast that the information she provided during the application process was correct.

g. It was further part of the scheme and artifice to defraud that on or about November 3, 2023, the defendant obtained a personal savings account and checking account in the identity of S.S. At the time of the opening of the bank accounts, the defendant knew the application contained materially false and

fraudulent representations.

h. It was further part of the scheme or artifice that on or about December 8, 2023, the defendant wrote a check, purportedly in the name of S.S., to herself in the amount of $1,500. The account contained only $25 and was thus insufficient to honor the check.

i. It was further part of the scheme or artifice to defraud that the defendant would and did misrepresent hide, and conceal, and cause to be misrepresented, hidden, and concealed, acts performed in furtherance of the scheme.

In violation of 18 U.S.C. § 1344.

## COUNT FOUR
### (Attempted Bank Fraud)

### A. Introduction

At all times material to this Indictment:

1. Space Coast Credit Union (Space Coast) was a financial institution doing business in the Middle District of Florida, and elsewhere, and its accounts were federally insured by the National Credit Union Administration. As it relates to the events herein, Space Coast reviewed and approved applications to open accounts at a branch located in the Middle District of Florida.

### B. Scheme and Artifice

2. From in or about November 2023, and continuing through in or about May 2024, in the Middle District of Florida, and elsewhere, the defendant,

ABIGAIL PAYTON,

did knowingly and intentionally execute and attempt to execute a scheme and artifice to defraud Space Coast and to obtain monies, funds, and credits under the custody and control of Space Coast by means of materially false and fraudulent pretenses and representations.

### C. <u>Manner and Means</u>

3.  The manner and means by which the defendant carried out the scheme and artifice to defraud included, but were not limited to the following:

   a.  It was part of the scheme and artifice to defraud in the Middle District of Florida, and elsewhere, that the defendant obtained the means of identification of another person, that is, the Social Security number, date of birth, and driver's license number of K.P.

   b.  It was further part of the scheme and artifice to defraud that on or about November 6, 2023, the defendant went to a Space Coast branch located in Fort Lauderdale, Florida.

   c.  It was further part of the scheme or artifice to defraud that on or about November 6, 2023, the defendant began the application process to open a bank account under the identity of K.P.

   d.  It was further part of the scheme or artifice to defraud that on or about November 6, 2023, as part of the process to open a bank account, the defendant provided Space Coast with the Social Security number, date of birth, and driver's license number of K.P.

   e.  It was further part of the scheme or artifice to defraud that on or

about November 6, 2023, the defendant, in the identity of K.P., certified to Space Coast that the information she provided during the application process was correct.

f.  It was further part of the scheme and artifice to defraud that on or about November 6, 2023, the defendant obtained a personal savings account and checking account in the identity of K.P. At the time of the opening of the bank accounts, the defendant knew the application contained materially false and fraudulent representations.

g.  It was further part of the scheme or artifice to defraud that on or about December 26, 2023, the defendant wrote a check, in the name of K.P., to herself in the amount of $2,000. The account contained only $25 and was thus insufficient to honor the check.

h.  It was further part of the scheme or artifice to defraud that the defendant would and did misrepresent hide, and conceal, and cause to be misrepresented, hidden, and concealed, acts performed in furtherance of the scheme.

In violation of 18 U.S.C. § 1344.

## COUNTS FIVE THROUGH EIGHT
### (Aggravated Identity Theft)

1.  On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendant,

### ABIGAIL PAYTON,

did knowingly possess and use without lawful authority, a means of identification of another person, that is, the Social Security numbers of the individuals listed below,

during and in relation to a felony enumerated in 18 U.S.C. § 1028A, that is, Bank Fraud (Counts Five and Six) and Attempted Bank Fraud (Counts Seven and Eight) in violation of 18 U.S.C. § 1344, as described below:

| COUNT | DATE | INDIVIDUAL |
|---|---|---|
| FIVE | September 6, 2023 | E.A. |
| SIX | September 9, 2023 | K.V. |
| SEVEN | November 3, 2023 | S.S. |
| EIGHT | November 6, 2023 | K.P. |

All in violation of 18 U.S.C. § 1028A(a)(1).

## FORFEITURE

1. The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 982(a)(2)(A).

2. Upon conviction of a violation of 18 U.S.C. § 1344, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation.

3. The property to be forfeited includes, but is not limited to, the following: an order of forfeiture in the amount of the proceeds the defendant personally obtained from the offense, which is to be determined at or before sentencing.

4. If any of the property described above, as a result of any act or omission

of the defendant:

 a. cannot be located upon the exercise of due diligence;

 b. has been transferred or sold to, or deposited with, a third party;

 c. has been placed beyond the jurisdiction of the Court;

 d. has been substantially diminished in value; or

 e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

A TRUE BILL,

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Foreperson

GREGORY W. KEHOE,
United States Attorney

By: *(signature)*
KELLI A. SWANEY
Assistant United States Attorney

By: *(signature)*
MICHAEL J. COOLICAN
Assistant United States Attorney
Deputy Chief, Jacksonville Division

FORM OBD-34
6/11/25 Revised

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

ABIGAIL PAYTON

## INDICTMENT

Violations:  Cts. 1-4:  18 U.S.C. § 1344
            Cts. 5-8:  18 U.S.C. § 1028A(a)(1)

A true bill,

███████████████

Foreperson

Filed in open court this _18_ day of June 2025.

_____
Clerk

Bail  $_____

GPO 863 525